IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG T. LY,

    Petitioner,               No. 2:10-cv-1236 KJM JFM (HC)

    vs.

KENNETH CLARK,

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

        /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction on charges of first degree murder with special circumstances. Petitioner is serving a sentence of life in prison without possibility of parole plus twenty-five years to life, imposed on March 24, 2006. This matter is before the court on respondent's motion to dismiss the action as unexhausted and barred by the statute of limitations, and on petitioner's motion for stay and abeyance.

I. <u>Statute of Limitations</u>

        Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

/////

1

judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. The following facts are relevant to the statute of limitations analysis.

1. On September 6, 2005, petitioner was convicted by a jury of first degree murder with special circumstances.

2. On March 24, 2006, petitioner was sentenced to life in prison without possibility of parole plus twenty-five years to life in prison.

3. On September 23, 2008, petitioner's conviction was affirmed on direct appeal by the California Court of Appeal for the Third Appellate District as, with the exception of a minor sentencing correction, was his sentence.

4. On January 14, 2009, the California Supreme Court denied review.

/////
/////
/////
/////

  5. On March 10, 2010, petitioner filed[1] a petition for writ of habeas corpus in the Sacramento County Superior Court. On April 26, 2010, the superior court denied the petition as untimely. The court also found petitioner's claims were without merit.

  7. On May 9, 2010, petitioner filed a motion for reconsideration in the Sacramento County Superior Court. On May 25, 2010, the superior court denied the request.

  8. On May 17, 2010, petitioner filed the instant action.

  9. On June 7, 2010, petitioner filed a motion for stay and abeyance of this action. On the same date, a petition for writ of habeas corpus signed and dated by petitioner on June 1, 2010 was filed in the California Court of Appeal for the Third Appellate District. On June 17, 2010, the state court of appeal denied the petition in an order containing no statement of reasons or citation to authority.

  10. On August 2, 2010, petitioner filed a habeas corpus petition in the California Supreme Court. As of the date of respondent's motion to dismiss, that petition was still pending and no party has filed any order from the California Supreme Court resolving that petition.

  The statute of limitations started to run on petitioner's federal habeas corpus claims on April 15, 2009, following expiration of the time for seeking direct review in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1160 (9th Cir. 1999). Three hundred twenty-nine days elapsed before petitioner filed his first petition for habeas corpus in the state court system. However, that petition was denied as untimely. It was not, therefore, "properly filed" within the meaning of 28 U.S.C. §2244(d)(2) and did not toll the one year limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005). This action was filed on May 17, 2010, approximately one month after the one year limitation period expired.

---

[1] The petition is signed and dated March 10, 2010. As a general rule, pleadings filed by a prisoner are deemed filed on the date they are delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988). All such filing dates referred to in these findings and recommendations are in accordance with that rule.

Petitioner claims that he is entitled to equitable tolling of the statute of limitations because (1) English is his second language and it took "extreme time" for him to review the voluminous trial transcript and to gain an understanding of the relevant legal issues; and (2) his appellate attorney was ineffective in failing to raise all issues on direct appeal, which left petitioner in the position of having to file an exhaustion petition in propria persona.

The habeas corpus statute of limitations is "not jurisdictional and is subject to equitable tolling." Souliotes v. Evans, 622 F.3d 1173, 1180 (9th Cir. 2010) (citing Holland v. Florida, __ U.S. __, 130 S.Ct. 2549 (2010).

> "[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir.2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

Mendoza v. Carey, 449 F.3d 1065, 1068-69 (9th Cir. 2006).

In Mendoza, the United States Court of Appeals for the Ninth Circuit held that a limited category of non-English-speaking habeas corpus petitioners might qualify for equitable tolling of the limitation period. However, to qualify, the non-English-speaking petitioner "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from another inmate, library personnel, or other source." Id. at 1070. Petitioner has made neither that showing nor the threshold on which it rests. He is not "non-

English-speaking", rather, English is his second language.  Petitioner's asserted language difficulties do not qualify him for equitable tolling.

Nor does petitioner's claim that his appellate counsel was ineffective in failing to raise on direct appeal all the claims petitioner now seeks to bring in this action entitle him to equitable tolling.  The fact that petitioner's appellate counsel did not raise certain issues on direct appeal may explain why petitioner was required to seek collateral review of those claims in state court, but it is not an extraordinary circumstance sufficient to support equitable tolling of the statute of limitations.

For the foregoing reasons, this action is barred by the one-year statute of limitations and should be dismissed.

Respondent also contends that the petition must be dismissed because petitioner's first two claims for relief are unexhausted.  Petitioner concedes that these two claims are unexhausted.  As a general rule, a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised, and a mixed petition containing both exhausted and unexhausted claims must be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).  As noted above, petitioner filed a motion to hold these proceedings in abeyance pending exhaustion of state court remedies.  However, because even the exhausted claims were not timely filed, the entire action must be dismissed.  Accordingly, petitioner's motion for stay and abeyance should be denied.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The

/////

1 court must either issue a certificate of appealability indicating which issues satisfy the required
2 showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).
3           Where, as here, the petition should be dismissed on procedural grounds, a
4 certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason
5 would find it debatable whether the district court was correct in its procedural ruling'; and (2)
6 'that jurists of reason would find it debatable whether the petition states a valid claim of the
7 denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000)
8 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).
9           After careful review of the entire record herein, this court finds that petitioner has
10 not satisfied the first requirement for issuance of a certificate of appealability in this case.
11 Specifically, jurists of reason would not find it debatable whether this action is barred by the
12 statute of limitations.  Accordingly, a certificate of appealability should not issue in this action.
13           Accordingly, IT IS HEREBY RECOMMENDED that:
14           1.  Respondent's September 7, 2010 motion to dismiss be granted;
15           2.  This action be dismissed as barred by the statute of limitations;
16           3.  Petitioner's June 7, 2010 motion for stay and abeyance be denied; and
17           4.  The district court decline to issue a certificate of appealability.
18           These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
20 days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
23 objections shall be filed and served within fourteen days after service of the objections.  The
24 /////
25 /////
26 /////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
ly1236.157